Pleading and practice; suspension of proceedings; transfer to district court for enforcement or interpretation of prior settlement agreement. — On January 25, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Smith, Judges.
This action is before the court on plaintiffs motion for submission without oral argument of defendant’s motion to dismiss or, in the alternative, for summary judgment, and on plaintiffs cross-motion for summary judgment as to liability. After careful consideration of the record, we have decided to rule neither on the motion for submission without oral argument nor on the underlying cross-motions; instead, we suspend the proceedings in this court and direct plaintiff to seek, from the district court judge who approved the settlement agreement which is the basis of plaintiffs action in this court, enforcement of or at least an interpretation of the agreement.
Plaintiff was removed in June 1976 from a competitive civil service position at the Indian Claims Commission. His removal was upheld by the Federal Employee Appeals Authority of the Civil Service Commission in August 1977. In October 1977, plaintiff filed an action in the United States District Court for the District of Columbia,[1] alleging that his removal had been discriminatory in violation of certain civil rights statutes and that it had been illegal, *582 arbitrary, and capricious in violation of the Administrative Procedure Act. Among the remedies which plaintiff sought were back pay under the Back Pay Act[2] and reinstatement.
On September 20, 1978, at a pretrial conference at which the district court judge was present, the parties signed an "Agreement and Stipulation of Settlement.” The settlement agreement was expressly approved by the district court judge, The Honorable Charles R. Richey. In the agreement, the parties provided that plaintiff would be "reinstated to his former job * * * at the grade which he had on the date of his termination from the Indian Claims Commission, and that all adverse material in Plaintiffs files leading to the termination of his employment will be expunged.” The parties are in direct conflict on the question of fact whether consideration of the claim for back pay was part of the negotiations leading up to the settlement. Nowhere in the settlement agreement was there express reference to plaintiffs claim under the Back Pay Act or to plaintiffs allegation that his removal had been illegal, arbitrary, and capricious. The agreement did state that "this settlement agreement is based upon a finding of no racial discrimination in this matter.” The agreement provided also: "Whereas, Plaintiff by himself and through his attorney * * * has indicated his agreement to settle and dispose of the above-entitled matter on the basis of the terms set forth above, and that this agreement be in sufficient satisfaction of all of Plaintiffs claims.”
The settlement agreement was filed with the district court on September 22, 1978. On the same date, plaintiff filed a praecipe providing that the clerk of the district court "will please dismiss the above case as settled and dismissed with prejudice.”
On November 22, 1978, plaintiff filed a petition in this court, alleging that the Government had breached the settlement agreement by failing to reinstate him and by failing to expunge the adverse material in his personnel file. In his brief in opposition to the Government’s motion to dismiss, plaintiff indicated that, subsequent to filing the petition, he learned that he had been reinstated;[3] he *583 continued to maintain, however, that the adverse material in his personnel file had not been expunged. In the aforementioned brief and in two other briefs which he filed with the court, plaintiff indicated that he was seeking as relief: (1) back pay from the time of his removal from office in June 1976 to the present time; (2) damages allegedly caused by the Government’s failure to expunge the adverse material in his personnel file and by the Government’s failure to accord to him certain rights to which he was entitled pursuant to his alleged reinstatement; and (3) an order directing that all adverse material in his personnel file be expunged.
The Government asserts that plaintiff has never been reinstated. It states that its efforts to effectuate the settlement agreement have been stalled by plaintiffs refusal to accept reinstatement conditioned on his execution of a waiver of any entitlement to back pay from the time of his removal to the time of the execution of the settlement agreement. The Government argues that any damages sustained by plaintiff have been caused by his own intransigence.
The resolution of this case hinges, in substantial part, on a correct construction of the settlement agreement. In construing the agreement, a court must determine answers to questions such as the following: What was contemplated by the parties when they stated that plaintiff would be "reinstated”? Did they intend that this term would encompass back pay? Also, was the provision that the agreement was "in sufficient satisfaction of all of Plaintiffs claims” intended to cover plaintiffs back pay claim under the Back Pay Act?[4]
The district court judge who approved the settlement agreement is, in our view, the proper person to interpret the agreement. The agreement was executed at a pretrial conference at which the judge was present. Presumably, he observed at least some of the negotiations leading to the *584 agreement. The agreement itself recites that the concerns of the parties were made known to him. Thus, the district court judge occupies, with respect to the task of interpreting the settlement agreement, a vantage point far superior to our own.
We think that, as a matter of sound judicial policy, we ought to suspend this proceeding with a direction to plaintiff to seek enforcement or at least an interpretation of the agreement from the district court judge. We do not specify what form plaintiffs effort before the district court judge should take. We leave that to the resourcefulness of plaintiff.
It is therefore ordered that plaintiff seek from the United States District Court for the District of Columbia an enforcement of or clarification of the settlement agreement reached in that court prior to proceeding with his claim in this court. We direct plaintiff to file with this court, not later than 6 months from this date, a report detailing what he has done to obtain the district court judge’s enforcement of or interpretation of the agreement. In the interim, we shall hold in abeyance both plaintiffs motion for submission without oral argument of the cross-motions and the cross-motions themselves.

 N. Anthony Thompson v. United States, Civ. Action No. 77-1783.

 5 U.S.C. § 5596 (1976).

 It should be noted that the Indian Claims Commission expired on September 30, *583 1978. Although plaintiff contends now that he has been reinstated, it is undisputed that he has not been accorded the treatment which reinstatement would mandate: for example, he has not been paid for the 10-day period between the execution of the settlement agreement and the expiration of the Indian Claims Commission. Nor has he been assisted in obtaining employment with another federal agency.

 Because of the amount in controversy, it appears that the district court did not have subject matter jurisdiction over that particular claim.