Plaintiff was removed in June 1976 from a civil service position at the Indian Claims Commission. In August 1977 the Civil Service Commission’s Federal Employee Appeals Authority upheld this action. In October 1977, plaintiff filed an action in the United States District Court for the District of Columbia (N. Anthony Thompson v. United States, D.D.C., Civ. Action No. 77-1783), alleging that his removal had been discriminatory in violation of certain civil rights statutes and that it had been illegal, arbitrary and capricious. Among the remedies sought were back pay and reinstatement.
On September 20,1978 at a pretrial conference at which Judge Richey of the District Court was present, the parties signed an "Agreement and Stipulation of Settlement,” which was expressly approved by the Judge. In this agreement the parties provided that plaintiff would be "reinstated to his former job * * * at the grade which he had on the date of his termination from the Indian Claims Commission, and that all adverse material in plaintiffs files leading to the termination of his employment will be expunged.” It was also provided that "this agreement [shall] be in sufficient satisfaction of all of Plaintiffs claims.” This agreement was filed with the District Court *589 on September 22, 1978. On the same date, plaintiff filed a praecipe providing that the clerk of the District Court "will please dismiss the above case as settled and dismissed with prejudice.”
The Indian Claims Commission expired by statute a few days later on September 30,1978. It is not clear whether or not, before that date, plaintiff was technically reinstated to his post at the Commission, but it is undisputed that he has not been paid for the period between the execution of the settlement agreement and the Commission’s expiration, has not received back pay or severance pay, was not assisted in obtaining employment with another federal agency, and did not have his adverse records expunged. On November 22, 1978, the present suit was filed in this court. In this action, plaintiff purports to be suing for breach of contract and claims that the defendant has breached the settlement agreement. He seeks: (1) back pay (or damages) from the time of his removal from office in June 1976 to the present; (2) damages allegedly caused by the Government’s failure to expunge the adverse material and by the Government’s alleged failure to accord him rights to employment in other agencies; and (3) an order directing the expungement of the adverse material.
The Government has moved in this court to dismiss, or, in the alternative for summary judgment. Its position is that (assuming there is jurisdiction, which defendant denies) plaintiff is entitled to nothing more than pay for the short time from September 22, 1978 to the expiration of the Indian Claims Commission, plus severance pay; the settlement agreement, the Government contends, did not provide for back pay prior to the agreement’s date. Plaintiff has cross-moved for summary judgment as to liability, arguing that full back pay to June 1976 was to be awarded, as well as damages.
At this point the court issued its order in this case of January 25, 1980, 222 Ct.Cl. 581, declaring that "[t]he resolution of this case hinges, in substantial part, on a correct construction of the settlement agreement,” and directing plaintiff seek from the District Court "an enforcement of or a clarification of the settlement agreement reached in that court prior to proceeding with his claim in *590 this court.” Plaintiff filed such a motion in the District Court to clarify the terms of the settlement. On March 19, 1980 the District Court (acting through Judge Richey) issued its order concluding "that plaintiff has no right to back pay.” The present case was then reactivated on the parties’ cross-motions in this court.[1]
1. Whether or not we have any jurisdiction to grant back pay (from June 1976 to September 22,1978) in this case, we hold on the merits that plaintiff is not entitled to such back pay under the settlement agreement. It is unnecessary to decide whether we are compelled to that conclusion by Judge Richey’s order of March 19, 1980, or whether we reach it as a matter of comity on the basis of our order of January 25,1980 directing the application to Judge Richey. The fact is that our order of January 1980 stated that "the district court judge who approved the settlement is, in our view, the proper person to interpret the agreement” and that "the district court judge occupies, with respect to the task of interpreting the settlement agreement, a vantage point far superior to our own.” Now that the District Court Judge has acted it would subvert our January 1980 order to substitute our own interpretation for his considered order of March 1980. We decline to do so and accept his construction as authoritative. At best for plaintiff, the issue is very close, and that, in itself, is reason enough why we are not justified in overriding or disagreeing with Judge Richey.
2. Plaintiff Thompson also asserts that he would have obtained another federal position (after the expiration of the Indian Claims Commission’s life) if the Government had acted correctly toward him. Here, too, we need not reach the question of whether we have any jurisdiction to award back pay (or damages) even if it were absolutely plain that plaintiffs assertion were factually true.[2] Plaintiffs proffers of proof (one of which was made at our express request) *591 show that (1) even if his specific allegations were sustained it could not be said that a federal position would have been his and (2) he has not presented enough to call for a trial on this issue. Accordingly, we have the right to say that plaintiff has failed to show or offer to show that he plainly would have obtained a federal position if it were not for defendant’s alleged breach of the settlement agreement.
3. In this connection, it is worth observing that plaintiff was not entitled on the Commission’s death to automatic transfer or reemployment by another federal agency. The most that federal regulations gave him (Federal Procurement Manual (FPM), FPM Supplement 990-1, Book 3, Part 330, Subpart C) was a priority right to referral for such employment over other civil service eligibles if he was qualified for the vacancy.[3] We take this very limited right into account when we decide, supra, that plaintiff has not shown enough to call for judgment in his favor, or even for a trial.
4. As for plaintiffs failure to receive employment in the private sector, we have the gravest doubts — even though plaintiff insists that his suit here is not a personnel action based on statutes and regulations but a breach-of-contract action founded on the settlement agreement — that we have any jurisdiction of the part of the claim which seeks contract damages because (he says) he failed to obtain private employment. But in any event his affidavits as to that aspect suffer from even worse defects than his proffer on federal positions. The allegations are far too general, hazy, and vague to tie his failure to be employed in the private world to the alleged government breach of the settlement agreement rather than to extraneous considerations. Even if there would be jurisdiction, we would have nothing sufficiently palpable to try.
5. Defendant concedes that plaintiff is entitled under the settlement agreement (but has not been paid), first, to pay from the date he was to be reinstated (September 22,1978) to the end of the Indian Claims Commission (September 30, *592 1978) — totalling $392.32 — and, second, to severance pay on the Commission’s termination in the amount of $2,942.40. It is argued by defendant, however, that we have no jurisdiction to enter judgments even for those amounts.[4] We do not stop to set forth or discuss the complex theories on which the parties support or deny jurisdiction over the whole case. We have denied recovery on all but the two items conceded by defendant. The two remaining items form the only part of this case in which we are disposed on the merits to grant judgment, and as to those items there seems to us clearly to be either a contract implied-in-fact based on the express terms of the settlement plus the Government’s concession here, or a conventional pay claim founded on the statutes and regulations. On either view (and without deciding which is correct) we grant judgment for those amounts.
6. Finally, plaintiff asks that we order the expungement of the adverse action from his records, as specifically required by the settlement agreement. We think that the Government would be well advised to honor its own commitment, but we cannot compel it to do so. Section 1491 of Title 28 gives us authority to order correction of records only if that form of relief is "an incident of and collateral to” the money judgment we enter. That would not be true in this instance in which the narrow monetary judgment we enter is wholly unrelated to, and does not imply, any correction or expungement of the personnel records as to the adverse action. Such expungement is not needed "to provide an entire remedy” for our limited money judgment nor "to complete the relief afforded by [that] judgment.”
For these reasons, it is ordered that defendant’s motion is granted except for the sum of $3334.72, plaintiffs motion is denied except for that amount, judgment is entered for plaintiff for $3334.72, and the remainder of the petition is dismissed.
Plaintiffs petition for a writ of certiorari was denied, 452 U.S. 964 (1981).

 Oral argument was ordered and has been had.

 The court is clear that we have no jurisdiction, even if this suit be viewed as one for breach of contract, over claims to damages for loss of possible federal employment, claims that clearly would not be countenanced if this is an ordinary federal personnel action. A claimant cannot convert a federal "pay” action to one for breach of contract, even a claim founded on a settlement agreement, leading to recovery greater than would be allowed if the suit were a conventional one.

 Plaintiff had no right, in particular, to transfer to this court which took over the Indian Claims Commission caseload. It is very questionable whether 5 U.S.C. § 3503 (governing transfers of function between federal agencies) applies to this replacement of an agency by an Article III court, but, in any event, plaintiff did not apply to this court. And without such an application he would have no right.

 Presumably the plaintiff is to be left to the defendant’s own unfettered discretion to pay or not to pay those sums — or perhaps he is to return to the District Court for another round of litigation over whether that court can require payment of those sums either in the original suit or in a new one.